1

2

3   Thomas Harrison, *in propia persona*
    Jennifer Lee Hoyman, *in propia persona*
4   **1351 Pleasant Ridge Drive**
    **Altadena, California 91001**
5   Telephone (TH):  (310) 237-5947
    Telephone (JLH): (310) 849-0270
6   E-Mail (TH): thiimage@mac.com
7   E-Mail (JLH): dancingwillows@gmail.com

8
    Joan Hoyman, *in propia persona*
9   Charles Edward Lincoln, III, *in propia persona*
    Telephone (JH): (626) 441-5584
10  Telephone (CEL): (512) 968-2500
11  **201 Orange Grove Avenue**
    **South Pasadena, California 91030**
12  E-mail (JH): hoyman51@gmail.com
13  E-mail (CEL): lincoln_for_california@rocketmail.com

14          **UNITED STATES DISTRICT COURT**
15      **CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES**

16  Thomas Harrison,                    §
17  Jennifer Hoyman,                    §
    Joan Hoyman, and                    §      **CV10-06688**
18  Charles Edward Lincoln, III,        §
        Plaintiff,                      §      CIVIL ACTION NUMBER
19                                      §
20  v.                                  §
                                        §      _____
21  The State of California,            §
    Jerry Brown, Attorney General of    §      COMPLAINT FOR
22  California, in his official capacity§      DECLARATORY
    Arnold Alois Schwarzenegger,        §      JUDGMENT & INJUNCTION;
23  Governor of the State of California,§      SUGGESTION OF CLASS for
24  In his official capacity, and       §      CERTIFICATION UNDER
    Eric Holder, United States Attorney §      FRCP RULE 23; and
25  General, in his official capacity,  §      DEMAND FOR TRIAL-BY-
26      Defendants,                     §      JURY OF ALL ISSUES SO
                                        §      TRIABLE AT COMMON LAW
27                                      §      under the 7th AMENDMENT
                                        /      and 28 U.S.C. §1861 et seq.
28

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*     -1-     *Charles E. Lincoln, Plaintiff, pro se*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*                        *c/o Peyton Yates Freiman*
-LEONARD COHEN                                          *603 Elmwood Pl., #6, Austin, TX 78705*

CV10-06688

9/8/2010 4:22:39 PM   Receipt #: 146855
              Cashier : KPAGE [LA 1-1]
Paid by: THOMAS HARRISON
2:CV10-06688
2010-086900          5 - Civil Filing Fee(1)
Amount :                           $60.00
2:CV10-06688
2010-510000         11 - Special Fund F/F(1)
Amount :                          $190.00
2:CV10-06688
2010-086400          Filing Fee - Special(1)
Amount :                          $100.00
Cash Payment :                     350.00

## COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION

Plaintiffs Thomas Harrison, Jennifer Lee Hoyman, Joan Hoyman, & Charles Edward Lincoln, III are natural persons, residents of the state of California, who use, own, buy, sell, and/or manage real estate in the State of California, and are subject to its laws concerning the purchase of real estate as security for credit, mortgage lending, foreclosure, and eviction.  As such, Plaintiffs have been subject to the arbitrary & capricious, and therefore unconstitutional infringements imposed by the laws of the state of California on their fundamental rights to make and enforce contracts.

Plaintiffs herein file suit pursuant to 42 U.S.C. §1981 and 1982, and under the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution, to secure for themselves the equal and unfettered rights to enjoy all the benefits of contract, including the acquisition and maintenance of interests in real estate, and their rights to enforce all aspects of contracts, including the assertion of defenses to enforcement of breached or invalid contract in state court.

Plaintiffs sue for declaratory judgment that certain state statutes herein enumerated below relating to securitized lending and credit and the execution and enforcement of deeds of trust in non-judicial foreclosure proceedings authorized by statute in California are unconstitutional, and further for a permanent injunction against the enforcement of these laws as written, and as applied, in the California Superior Court system, and as construed by the California Courts of Appeal and California Supreme Court.

Plaintiffs also sue for a declaratory judgment and injunctive relief against the utilization of certain customs, practices, and policies having the force of law of and in the State of California, and in particular of Los Angeles County and the California Superior Courts of Los Angeles County, to effect numerous violations of civil rights

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-2-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3   in connection with the extension of "secured" credit, foreclosure of real estate notes
4   and the seizure ("forcible detainer" or "eviction") cases.
5        Finally, Plaintiffs are citizens of the United States who have sought in the past
6   to use, and may seek in the future to use and to invoke, the Federal Civil Rights Laws
7   of the United States for protection against violations of their fundamental rights in
8   California
9   **(1)**    This court has Federal Question Jurisdiction under 28 U.S.C. §§1331, 1343,
10  and 42 U.S.C. §§1981, 1982, 1983, and 1988(a) to hear both suits for damages and
11  petitions for declaratory relief and venue is proper because most of the events giving
12  rise to the present causes of action took place in Los Angeles County, California.
13  **(2)**    Plaintiffs suggest, under Fed. R. Civ. Pro. Rule 23 that this case involves issues
14  affecting such a large number of Plaintiffs, whose identity and whereabouts are
15  difficult to ascertain, that a class action is the most efficient, feasible, and judicially
16  economical means of resolving the issues herein raised, and that the Court should
17  utilize its discretion to appoint competent class counsel to represent the Plaintiffs in
18  this case and the class of plaintiffs of which they are members.
19  ## CALIFORNIA STATE DEFENDANTS FOR DECLARATORY JUDGMENT
20  ## & INJUNCTIVE RELIEF ONLY
21  **(3)**    Plaintiffs, through this Complaint name the following Defendants as necessary
22  parties to the resolution of their Complaint for Declaratory & Injunctive Relief:
23  **(4)**    The State of California, is a state of the United States, admitted by Congress
24  according to the Constitution as the 31st State in 1850.
25  **(5)**    Defendant Arnold Alois Schwarzenegger, is the Governor of California and is
26  being sued in his official capacity. His office is located at the State Capitol Building
27  Sacramento, CA 95814.  (In that Governor Schwarzenegger's term of office expires
28  in January, Plaintiffs anticipate that his successor will substitute in as Defendant).

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*   -3-   *Charles E. Lincoln, Plaintiff, pro se*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*            *c/o Peyton Yates Freiman*
-LEONARD COHEN                                        *603 Elmwood Pl., #6, Austin, TX 78705*

**(6)**     Defendant Edmund G. Brown, is the Attorney General of the State of California and is being sued in his official capacity.  His mailing address is: P.O. Box 944255 Sacramento, CA 94244-2550.  (In that Attorney General Edmund G. "Jerry" Brown's current term of office expires in January 2011, Plaintiffs anticipate that his successor will substitute in as Defendant).

**(7)**     Defendant Eric Holder, is the US Attorney General for the United States of America and is being sued in his official capacity. His office is located at U.S. Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

### FACTUAL & LEGAL BACKGROUND

**(8)**     Plaintiffs are brought together by their mutual horror and disgust at the illegal actions and opprobrious conduct of attorneys and judges implementing the statutory laws of California who appear among other legal practitioners to be the leaders in implementing the following customs, practices and policies having the force of law in California which effect a systematic deprivation of the fundamental constitutional rights of the Plaintiffs, and thousands of other plaintiffs whose identity is unknown:

**(9)**     Conducting (and/or allowing or approving the conduct of) non-judicial foreclosure sales on behalf of servicers or "lenders" who cannot prove or substantiate their standing as holders in due course of mortgage notes relating to the subject properties, and who are, accordingly no longer (if they ever were) in privity of contract with Plaintiffs or other mortgagors or parties similarly situated;

**(10)**   Conducting (and/or allowing and/or approving the conduct) of non-judicial foreclosure sales by trustees who have multiple conflicts of interest with either mortgagor or mortgagee, according to instruments which at best amount to false or fictitious trusts, according to statutes which impair the obligation of contract and violate the federal rights secured by both 42 U.S.C. §§1981 & 1982;

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN                                    -4-                    *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(11)**   Conducting (and/or allowing and/or approving the conduct of) non-judicial foreclosures during negotiations for loan modification in defraud and defeasance of the implied covenant of good faith and fair dealing;

**(12)**   Conducting (and/or allowing and/or approving the conduct of) non-judicial foreclosure sales during the pendency of material disputes, including actual pending litigation concerning title and standing to collect debts under color of laws which effectively preclude contests to title & standing;

**(13)**   Conducting (and/or allowing and/or approving the conduct of) eviction proceedings in California Superior Court without any reasonable prior notice of sale of property, as the primary and preferred means of informing occupants/mortgagors or their assignees, of the existence of sales;

**(14)**   Imposing and conducting (and/or allowing and/or approving of the conduct of) a system of judicial evictions in California Superior Courts after non-judicial foreclosures, all of which are "rigged" in the sense of outcomes predetermined in favor of evicting parties, in such a manner that title disputes concerning the right to foreclose or evict from properties has been all but abolished;

**(15)**   California stands almost alone in the United States of America in not giving disputes over title legal superiority and priority to disputes over possession; the particular problems with the constitutionality of the California Deed of Trust and non-judicial foreclosure system arise from the statutory language and construction of California Civil Code §§2924 ***et seq.*** including especially but without limitation of any kind California Civil Code §2934a;

**(16)**   Imposing and conducting (and/or allowing and/or approving of the conduct of) a system of judicial evictions in California Superior Courts after non-judicial foreclosures which interfere with and impair the common law and statutory

**COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION**
**"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."**
-LEONARD COHEN

-5-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

obligations of contract in violation of the Constitution, and which denies to certain classes of people, namely mortgagors, the equal rights to

**(17)**  inherit, purchase, lease, sell, hold, and convey real and personal property (within the meaning of 42 U.S.C. §1982) and

**(18)**  to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property (within the meaning of 42 U.S.C. §1981(a)).

**(19)**  For purposes of this complaint, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship (within the meaning of 42 U.S.C. §1981(b).

## PLAINTIFFS' CHALLENGE THE RACIAL BIAS INHERENT IN FEDERAL CIVIL RIGHTS STATUTES, AND SEEK A DECLARATORY JUDGMENT IN THEIR FAVOR ABOLISHING ALL RACIAL DISCRIMINATION IN THE ENFORCEMENT OF EQUAL RIGHTS UNDER THE CONSTITUTIONAL PROTECTION OF CONTRACTS & PROPERTY

**(20)**  Plaintiffs submit that non-racial classifications of persons according to their position in contractual roles and relations cause and generate far greater and more all-pervasive constitutional violations of equal protection and due process under color of unconstitutional law in modern California than do racial or sexual classifications.

**(21)**  Plaintiffs submit that the purpose of federal civil rights law must be to protect the socio-economically disempowered classes from the tyranny of locally or even nationally empowered financial or economic elites when these elites trample equality and the equal protection and availability of the courts equally to sustain the rights of all people to contract and to make and enforce contracts, including the equal rights

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN
-6-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

to assert legal or equitable defenses to the enforcement of contracts, in order to secure and maintain possession of property acquired by contract.

(22)   For purposes of this complaint, Plaintiffs contend, maintain, and submit that 42 U.S.C. §1981, and 42 U.S.C. §1982 are the key federal civil rights statutes because they together outline and guarantee general, federally secured and specified, equal civil rights in the making of contracts and ownership of property;

(23)   Plaintiffs submit that these statutes, regardless of their Reconstruction-era origins, should be construed as "color blind" under modern Supreme Court interpretations of civil rights so that equal rights to make and enforce contracts, to sue, be parties, and give evidence concerning the rights arising therefrom, including the right to own property, should both be applied and construed as though they did not contain the nearly identical phrase, "as is enjoyed by white citizens" and/or "as is enjoyed by the white citizens thereof;"

(24)   Plaintiffs submit and contend that the law must be applied in fact to guarantee civil rights in the making and enforcement of contracts and the ownership of property to all citizens, and not merely that non-white citizens may not be denied their civil rights "any more" than such rights are denied to white citizens, which is a possible construction of civil rights jurisprudence prior to 1989.

(25)   Plaintiffs submit, in brief that the situation in the California Superior Courts relating to the enforcement and application of non-judicial foreclosures by judicial evictions has reached a crisis of epidemic or even pandemic proportions, especially in but not limited to Los Angeles, Orange, Riverside, San Bernardino, Santa Barbara, San Luis Obispo, and Ventura Counties, and

(26)   that the civil rights of mortgagors to "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-7-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

for the security of persons and property" are being severely infringed under color of California law and in particular the judicial norms

**(27)**   which apply to the conduct and resolution of Superior Court cases challenging the standing of certain servicers or entities claiming standing to foreclose on real-estate notes, such that the very right "inherit, purchase, lease, sell, hold, and convey real and personal property" is being infringed or even curtained.

**(28)**   The State of California has enacted these statutes as applied, in particular §2924 of the Code of Civil Procedure and related statutes, are being so applied and enforced as to effectively abolish both private property and the rights to full and equal benefits of the laws for the security of persons and property.

**(29)**   Governor Schwarzenegger, US Attorney Eric Holder and California Attorney General Edmund G. Brown, are both named in this suit because they are the parties responsible for enforcing California Statutes and because they must be named in any suit concerning the Constitutionality of California Statutes in compliance with the Federal Rules of Procedure Rule 5.1[1].

---

[1] **RULE 5.1**
(a) Notice by a Party.
  A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
  (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
    (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
    (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
  (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned — or on the state attorney general if a state statute is questioned -- either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
(b) Certification by the Court.
  The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-8-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   **(30)**   Although the present Plaintiffs are all white Anglo-Saxon and Christian, they

4   know of no racial elements to the current California epidemic of civil rights

5   violations, because they allege that the class which should be certified in this case will

6   include tens if not hundreds of thousands of African Americans, Hispanic Surname

7   Americans, Asian Americans, and Native Americans as well as whites, and

8   accordingly, they submit that the essence of 42 U.S.C. §§1981, 1982, can be best

9   preserved and applied without the qualifying language "as is enjoyed by white

10  citizens."

11  **(31)**   Further, the Plaintiffs submit that this United States District Court should

12  apply to 42 U.S.C. §§1981 and 1982 the principles articulated by the United States

13  Supreme Court repeatedly over the past twenty years that all government racial

14  classifications (including Federal classifications) must be analyzed by a reviewing

15  court under strict scrutiny in the modern line of equal protection cases going back to

16  the 1989 decision in ***Richmond v. Croson. Adarand Constructors, Inc. v.***

17  ***Peña,*** 515 U.S. 200, 227, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995), ***Johnson v.***

18  ***California,*** 336 F.3d 1117, 2003 Daily Journal D.A.R. 8295, (9th Cir., Jul 28,

19  2003)***, Grutter v. Bollinger***, 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304, 2003

20  Daily Journal D.A.R. 6800, (U.S., Jun 23, 2003)***, Johnson v. California***, 543 U.S.

21  499, 125 S.Ct. 1141, 160 L.Ed.2d 949, 2005 Daily Journal D.A.R. 2118, (U.S., Feb

22

23  _____

24  (c) Intervention; Final Decision on the Merits.
    Unless the court sets a later time, the attorney general may intervene within 60 days after the

25  notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to
    intervene expires, the court may reject the constitutional challenge, but may not enter a final

26  judgment holding the statute unconstitutional.
    (d) No Forfeiture.

27  A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a
    constitutional claim or defense that is otherwise timely asserted.

28

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*          -9-          *Charles E. Lincoln, Plaintiff, pro se*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*                            *c/o Peyton Yates Freiman*
-LEONARD COHEN                                        *603 Elmwood Pl., #6, Austin, TX 78705*

23, 2005), ***City of Richmond v. J.A. Croson Co.***, 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854, (U.S.Va., Jan 23, 1989).

(**32**)  Plaintiffs Thomas Harrison, Jennifer Lee Hoyman, Joan Hoyman, and Charles Edward Lincoln, III, herein submit and suggest that the racial element of 42 U.S.C. §1981 has entirely outlived its usefulness, and that if the word "white" (before citizens) in 42 U.S.C. §1981 is replaced (at least conceptually) by the word "all free, fully enfranchised", then the law will acquire new and magisterial vigor in the modern world, and promote a more just and equitable society, especially in the context of the last seven years, in which more and more people (of all racial origins) have with increasing frequency and ferocity, been denied their equal right to access to the courts and to the formal and substantive rights and procedures essential to ensure true due process of law.

(**33**)  The Plaintiffs in this case are, to be sure, White Anglo-Saxon Christians by racial and cultural categorization, but this classification itself is antique and pointless.

(**34**)  The socio-economic classes involved in this case are the mortgagors vs. the mortgagees, those who use and enjoy private property against those who wish to monopolize it, and on another level, real property holders vs. false debt collectors, all the while using the legislative enactments of the State as a shield to continue doing so.

## COUNT I: CONSTITUTIONAL DECLARATORY JUDGMENT REGARDING FEDERAL LAW: STRICT SCRUTINY APPLIES TO ALL RACE-BASED SCHEMES

(**35**)      Plaintiffs submit that there are two discriminatory federal race-based schemes which must be invalidated in light of the strict scrutiny in the modern line of equal protection cases going back to the 1989 decision in ***City of Richmond v. J.A. Croson Co.***, 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854, (U.S.Va., Jan 23, 1989), ***Adarand Constructors, Inc. v. Peña,*** 515 U.S. 200, 227, 115 S.Ct. 2097,

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN
-10-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

132 L.Ed.2d 158 (1995), **_Johnson v. California,_** 336 F.3d 1117, 2003 Daily Journal D.A.R. 8295, (9th Cir., Jul 28, 2003), **_Grutter v. Bollinger_**, 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304, 2003 Daily Journal D.A.R. 6800, (U.S., Jun 23, 2003), **_Johnson v. California_**, 543 U.S. 499, 125 S.Ct. 1141, 160 L.Ed.2d 949, 2005 Daily Journal D.A.R. 2118, (U.S., Feb 23, 2005).

**(36)**   The race-based limitations on the application of 28 U.S.C.§1443(1)[1] must be discarded, because there is no rational basis for any race-based limitation on civil-rights removal. Much less the Defendants or any other governmental party ever come forward in this or any other case to show, to contend seriously, or even to allege that the purely judicial "racial" gloss imposed on the non-racial language of 28 U.S.C. §1443(1) serves any compelling governmental interest or objective.

**(37)**   So the race-based bias imposed on 28 U.S.C. 1443(1) has no basis in the actual statutory text, but is a purely judicial creation, limiting to cases of express statutory racial discrimination the full and broad potential impact of 28 U.S.C. §1443(1) in the language actually adopted by Congress, entirely predates **_J.A. Croson_** and even **_Bakke v. Regents of the University of California_**, so that strict scrutiny must now be applied to see whether the **_Greenwood v. Peacock_** and **_Johnson v. Mississippi_** limitations on civil rights removal ought to be tolerated by any modern court or judge, in light of the OVERWHELMING subsequent jurisprudence against

---

[1] **Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:**
**(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;**
**(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.**

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*   -11-   *Charles E. Lincoln, Plaintiff, pro se*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*          *c/o Peyton Yates Freiman*
*-LEONARD COHEN*          *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   such meaningless and archaic race-based schemata which just sully and retard, and

4   in no way advance or modernize the law or justice.

5   **(38)**   Likewise, Plaintiffs submit that strict scrutiny should be applied to the texts of

6   42 U.S.C. §§1981 and 1982, and that civil rights should be applied by this court to all

7   people equally, in a color-blind manner, so that equal rights shall be available to ALL

8   citizens, and these statutes can be used to enforce discrimination against the state-

9   mandated statutory creation of disadvantaged classes of a non-racial nature and

10  origin, such as defendants in forcible eviction/unlawful detainer proceedings

11  following constitutionally intolerable non-judicial foreclosures as these have been

12  created by the California legislature.   Otherwise the concept of civil rights in a race-

13  free and color blind America becomes nugatory.

14  **(39)**   The Supreme Court has mandated that ALL statutory race-based schemes

15  should be examined in the light of strict scrutiny, and no rational, much less

16  compelling, reason for applying 42 U.S.C. §§1981 and 1982 to racial minorities only

17  can be advanced, and these statutes should accordingly be construed "free of all

18  racial bias and prejudice, free of all of the incidents and badges of slavery" including

19  the heritage of 20th Century "Jim Crow" and ***de jure*** segregation in the south.   It is

20  time for the Courts to recognize and announce, clearly and plainly, that ALL

21  Americans are entitled to civil rights, not just racial minorities, and that ALL

22  Americans who are deprived of equal access to the courts, or equal rights to make

23  and enforce contracts, or give evidence concerning the same, or equal rights to

24  possess and enjoy property, have the right to use the Federal Civil Rights laws to

25  challenge and overturn invidiously discriminatory state statutory plans.

26  **(40)**   Plaintiff Renada N. March has previously tried to remove her state court claim

27  three separate times now and been denied each time, and this Court appears to have

28  relied on the racial construction of 28 U.S.C. §1443 which is a judicial imposition of

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*   -12-   *Charles E. Lincoln, Plaintiff, pro se*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*   *c/o Peyton Yates Freiman*
-LEONARD COHEN   *603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3  affirmative action racial discrimination in favor of African-Americans on a statute
4  which is facially broad and completely racially neutral.

5  **(41)** Plaintiffs and similarly situated individuals in Los Angeles County (of diverse
6  ethnic backgrounds) have also removed their Unlawful Detainer cases to U.S.
7  District Court on the grounds that the outcome in California Superior Court is
8  predetermined, and they have been denied on similar grounds.

9  **(42)** These Plaintiffs and similarly situated parties have been met in the Courts with
10 a gross misinterpretation and misconstruction of Civil Rights Removal under 28
11 U.S.C. §§1443 & 1447(d), by judges who confuse civil rights removal with Federal
12 Question removal, when in fact Civil Rights Removal, as defined and articulated by
13 Congress in the 1964 Civil Rights Act, was expressly designed to be and serve as an
14 exception to the "Well-Pleaded Complaint Rule" wherein and whereby judges must
15 evaluate the realistic socio-economic and political position of Defendants in litigation,
16 faced with state statutory schemes such as non-judicial foreclosure which obliterate
17 their (Defendants') rights systematically, rather than the narrow facially apparent or
18 facially pre-empted content of a complaint, as grounds for removal to Federal Court.

19 **(43)** Plaintiffs demand a declaratory judgment affirming their equal to invoke,
20 employ, and utilize 28 U.S.C. §§1443 and 1447(d), and thereby *have the clear right* to
21 remove complaints from their California Superior Court proceedings whenever their
22 civil rights are systematically violated because whenever they or similarly situated
23 persons have done so they are threatened with remand and subjugation to oppressive
24 and predetermined outcomes in the California Superior Courts.

25 **(44)** Plaintiffs Thomas Harrison, Jennifer Lee Hoyman, Joan Hoyman, & Charles
26 Edward Lincoln, III, allege that they and many similarly situated Plaintiffs have
27 either been frustrated in their previous attempts to remove unlawful detainer cases or
28 that they would have removed unlawful detainer/forcible eviction actions against

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN

-13-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

them in one or more properties in Los Angeles County, California, if they had been allowed to do so by a proper, racially neutral, construction of 28 U.S.C. §1443, because all other criteria of prejudice resulting from a pervasive state statutory plan and/or custom, practice, and policy having the force or effect of law can readily be proven.

(**45**)   So all the Plaintiffs in this case have standing because they have been in a position to utilize 28 U.S.C. §1443 removal, and they may well be in the position to need to use this provision again, until and unless the California Civil Code statutes herein challenged can be overturned and declared unconstitutional.

## EVIDENCE OF CALIFORNIA JUDICIAL CORRUPTION

(**46**)   The California Superior Courts, among other considerations, may be largely "bought and paid for", denying any hope of honest judicial decision-making, due to the extension and forgiveness or third-party repayment of real-estate secured loans to the very Superior Court judges who must preside over the majority of California Unlawful Detainer cases and/or state court forum challenges to wrongful foreclosure and evictions.

(**47**)   Plaintiffs ask that they be granted leave, pursuant to Rule 27 of the Federal Rules of Civil Procedure, to conduct investigative depositions of certain Superior Court judges in Los Angeles, Orange, Riverside, San Bernardino, Santa Barbara, San Luis Obispo, and Ventura Counties within the jurisdiction of the United States District Court for the Central District of California in order to perpetuate evidence and testimony (before the destruction or loss of evidence) and to confirm and explore the existence of such constructive bribes as a breach of the intangible right to honest services owed to the People of California by their elected judiciary.

(**48**)   Plaintiffs submit that the racially biased affirmative action "gloss" or coloration of law imposed on 28 U.S.C. §1443 cannot survive strict scrutiny under post ***Bakke***

**COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION**
***"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"***
-LEONARD COHEN

-14-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   *v. Regents of the University of California* developments in equal protection

4   law. The Supreme Court now commands that the civil rights laws of the United

5   States be construed in a racially neutral manner instead of the prevailing political

6   mindset of racial confrontation and division which dominated the several social-

7   reconstruction and civil rights movements of the sixties (both the 1860s and the

8   1960s).

9   **(49)** By contrast, 42 U.S.C. §§1981-1982 are facially racially discriminatory, but the

10  racial language could be easily expunged from these statutes to their benefit and to

11  the greater dignity of the law, while altogether enhancing their majestic sweep as

12  pronouncements of values to be envied the world over.

13  **(50)** WHEREFORE, Plaintiffs move and request that this Court declare and

14  adjudge that the racial phrase 42 U.S.C. §1981, which now reads:

15      **(a) Statement of equal rights**
        All persons within the jurisdiction of the United States shall have the
16      same right in every State and Territory to make and enforce contracts,
        to sue, be parties, give evidence, and to the full and equal benefit of all
17      laws and proceedings for the security of persons and property as is
        enjoyed by white citizens, and shall be subject to like punishment, pains,
18      penalties, taxes, licenses, and exactions of every kind, and to no other.
19      **(b) "Make and enforce contracts" defined**
        For purposes of this section, the term "make and enforce contracts"
20      includes the making, performance, modification, and termination of
21      contracts, and the enjoyment of all benefits, privileges, terms, and
        conditions of the contractual relationship.
22      **(c) Protection against impairment**
23      The rights protected by this section are protected against impairment by
        nongovernmental discrimination and impairment under color of State
24      law.

25  **(51)** Should be ordered stricken, so that 42 U.S.C. §1981(a), will henceforth read:

26      All persons within the jurisdiction of the United States shall have the
27      same right in every State and Territory to make and enforce contracts,
        to sue, be parties, give evidence, and to the full and equal benefit of all
28      laws and proceedings for the security of persons and property, and shall

**COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION**
**"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."**
-LEONARD COHEN

-15-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(52)** Similarly, the racially discriminatory, "affirmative action" phrase of 42 U.S.C. §1982, which now reads:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

**(53)** Should be stricken so that 42 U.S.C. §1982 should henceforth read:

> All citizens of the United States shall have the same right, in every State and Territory, thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

**(54)** Finally, Plaintiffs pray that Civil Rights Removal statute be given its full facial breadth, and that the racially limiting constructions of ***Rachel v. Georgia***, ***Greenwood v. Peacock***, and ***Johnson v. Mississippi*** be forever eliminated and declared constitutionally erroneous.

**(55)** Pursuant to Rule 5.1 of the Federal Rules of Civil Procedure, U.S. Attorney General Eric Holder has been named as a party to this suit and will be asked to waive citation and summons under Rule 4.

## COUNT II: CIVIL RIGHTS DECLARATORY JUDGMENT FOR ALL PLAINTIFFS
### (42 U.S.C. §§1981, 1982, 1983, 1988(a))

**(56)** Plaintiffs reallege ¶¶ (1)-(55) as if fully copied and restated herein below.

**(57)** Plaintiffs allege that it is the custom, practice, and policy of a majority of the forcible detainer judges and attorneys situated in Los Angeles, Orange, Riverside, San Bernardino, Santa Barbara, San Luis Obispo, and Ventura Counties, along with the Sheriff's Office of Los Angeles County, and the Judges and Clerks of the Superior Court of Los Angeles, Riverside, San Bernardino, and Ventura Counties in particular, to violate 42 U.S.C. §§1981-1982 by administering and imposing a

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-16-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

judicial regime wherein mortgagors are always, in all cases dispossessed by forcible detainers, often with no prior notice of sale or transfer of interest in their properties.

**(58)**   These customs, practices and policies are upheld by State laws that circumvent the federal supremacy upheld in Article VI, clause 2 of the United States Constitution[1].  California, through its horrible policies have violated the laws of the land, the Plaintiffs accordingly request that this Court invalidate them by holding them to be unconstitutional.

**(59)**   The consistently enforced pro-Plaintiff results of Los Angeles, Orange, and Riverside County evictions can be demonstrated statistically and by narrative evidence to show that there is no equality of access to the courts, nor any equal right "to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property" all under color of law in violation of the First, Fifth, Ninth and Fourteenth Amendments to the Constitution.

**(60)**   Local unlawful detainer Plaintiffs' attorneys utilize thier self-proclaimed status as a specialized eviction attorney to violate each Plaintiff's constitutional rights under the First, Fifth, Ninth and Fourteenth Amendments, as well as 42 U.S.C. §§1981, 1982, to equal access to the courts, **the right to enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property** including the right assert lawful defenses to claims, have due process notice and opportunity to object to proceedings for the taking of liberty and property interests, including several episodes relating to each defendant exemplified by (but not limited to) Local Unlawful

---

[1] This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the *supreme Law of the Land*; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-17-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3  Detainer Plaintiffs' attorneys' prejudged eviction suit conducted by judges who
4  announced to Plaintiffs Harrison, Hoyman, & Hoyman that they would be forced
5  out of their house, and would lose to the bank, without other possible outcome
6  whatsoever.

7  **(61)**  Superior Courts in the State of California do not recognize the complexities of
8  eviction cases are collateral actions related to eviction cases, and because of their
9  willful ignorance, routine assessment and power regarding evictions the Plaintiff's
10 homes have been taken from them with little or no due process.

11 **(62)**  The State of California is guilty of upholding and encouraging the wantonly
12 frivolous and extreme nature of the Superior Courts through protective legislation
13 that violates the Supremacy clause in Article IV section II of the US Constitution.

14 **(63)**  Plaintiff Thomas Harrison, Jennifer Lee Hoyman, Joan Hoyman, & Charles
15 Edward Lincoln, III, are even denied by Los Angeles County Superior Court Judges
16 the right to exercise possession over their home by creating lease with a tenants, thus
17 impairing the obligations of contract and infringing upon the equal rights of Plaintiffs
18 under 42 U.S.C. §§1981-1982.

19 **(64)**  Wherefore, Plaintiffs pray that this Court declare and adjudge the nature of
20 the Los Angeles, Riverside, San Bernardino, & Ventura County Superior Courts'
21 customs, practices or policies concerning the resolution of non-judicial foreclosures
22 followed by judicial evictions, as well as the allied and related policy of the Los
23 Angeles, Riverside, San Bernardino, Santa Barbara, San Luis Obispo, and Ventura
24 County Clerks and Sheriff's department in administering and enforcing this policy,
25 and that thereupon the Court.

26 **(65)**  Declare and adjudge that these customs, practices, and policies administered
27 and enforced in Los Angeles, Riverside, San Bernardino, Santa Barbara, San Luis
28 Obispo, and Ventura Counties are wholly unconstitutional and offensive to

**COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION**
**"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."**
-LEONARD COHEN
-18-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

principles of due process of law, the right to petition, and the rights of the people secured by 42 U.S.C. §§1981-1982, as well as the 5th and 14th amendments, such that

**(66)**  All such policies should be declared unconstitutional, null and void and all decisions reached and transfers of title thereunder during the past three years likewise (at least since September 8, 2007) be declared null and void and finally that

**(67)**  Los Angeles, Orange, Riverside, San Bernardino, Santa Barbara, & Ventura County Unlawful Detainer Plaintiffs' Attorneys and all of their agents or employees be now and forever enjoined from continuing or perpetuating these customs, practices, and policies in Los Angeles County or elsewhere.

**(68)**  Wherefore, Plaintiffs pray for their costs of suit incurred in obtaining these declaratory judgments, and that a permanent injunction shall issue against all the Defendants, their employees, assigns, officers, and successors in interest never again to enforce unconstitutional non-judicial foreclosures and judicial evictions in violation of 42 U.S.C. §§1981, 1982.

## COUNT III: DECLARATORY JUDGMENT
## RE: BREACH OF GOOD FAITH AND FAIR DEALING

**(69)**  Plaintiffs reallege ¶¶(1)-(68) as if fully copied and restated herein below.

**(70)**  California statutes (Civil Code §§1946, Code of Civil Procedure §§1161-1162) establishing unlawful detainer actions create a legal fiction: a non-consensual property (landlord-tenant) or else purport to create a contractual relationship, which might best be compared to a contract of adhesion[1] between newly foreclosed homeowners.

---

[1] Contracts of adhesion are those whose terms are not disclosed to the party bound by the "sticky" side of the adhesive tape. One party to a contract of adhesion dictates all the terms to the other, but the legal phrase "contract of adhesion" normally refers to a contract which is willingly and knowingly if not intelligently negotiated or specifically voluntary contract, with regard to terms. Albeit non-negotiated, e.g. between a common carrier and passengers or between an insurer

COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION    -19-
"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."
-LEONARD COHEN

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   **(71)**   A statutorily mandated status of tenancy is a specific subspecies of contractual

4   relationship---a contract by legal mandate---but it is not a social class or economic

5   status because titles of nobility (or stigmata of "ignobility") are prohibited under

6   Article I of the United States Constitution, as well as many other provisions of

7   statutory or constitutional law.  Since there is no legal alternative into which a

8   tenancy at sufferance can be categorized, such a tenancy must be analyzed under the

9   law of obligations arising from contract, perhaps most closely analogous to a

10  constructive trust in which the laws of trust and fiduciary duty apply, even though the

11  terms were not specifically negotiated.

12  **(72)**   In every contract, including contracts of adhesion and involuntarily imposed

13  contracts, there is under California Law an implied covenant of good faith and fair

14  dealing by each party not to do anything, which will deprive the other parties of the

15  benefits of the contract, and a breach of this covenant by failure to deal fairly or in

16  good faith gives rise to an action for damages at the interface of obligations arising

17  from contract and those arising from tort. ***Sutherland v. Barclays American/***

18  ***Mortgage Corp.,*** 53 Cal. App. 4th 299, 314, 61 Cal. Rptr. 2d 614 (1997); ***Harm***

19  ***v. Frasher***, 181 Cal. App. 2d 405, 415, 5 Cal. Rptr. 367, 373 (1960); ***Seaman's***

20  ***Direct Buying Serv., Inc. v. Standard Oil Co.,*** 36 Cal. 3d 752, 206 Cal. Rptr.

21  354 (1984), *overruled on other grounds, Freeman & Mills, Inc. v. Belcher Oil Co.,* 11 Cal. 4th

22  85, 102-03, 44 Cal. Rptr. 420 (1995); *see also* Witkin, Summary of California Law,

23  Contracts, §743.

24  _____

25  and an insured, a contract of adhesion differs from the post-non-judicial foreclosure tenancy "at
    sufferance" in that the latter is an entirely non-consensual contractual relationship, which

26  nonetheless provides certain benefits and imposes certain duties on both parties.  Among these
    duties are the duties of good faith and fair dealing.  The reality of a tenant at sufferance is more like

27  the status of a debtor in old-fashioned debtor's prison, or of a criminal in ordinary prison who
    "owes his debt to society" but if this entirely realistic analogy is used, the due process protections

28  which MUST be afforded to the "tenant at sufferance" are even greater than those suggested here.

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*   -20-
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3 **(73)** Plaintiffs allege that California Unlawful Detainer Law (Cal Civil Code §1946,

4 Code of Civil Procedure §§1161-1162) allows or imposes fictitious landlord-tenant

5 relationships in breach of the implicit covenant of good faith and fair dealing with

6 each Plaintiff as both the buyer and the alleged owner of the Plaintiff's property, thus

7 creating an unconstitutional statutory imposition or infringement of the 42 U.S.C.

8 §§1981-1982 guarantees of equal protection of the laws and equal rights to make and

9 enforce contracts, and constitutes an overall abridgement of freedom of contract and

10 impairment of the obligations of contract, ultimately effecting takings of property

11 without due process of law, in violation of Article I of the Constitution, together with

12 the Fifth, Ninth and Fourteenth Amendments.

13 **(74)** This covenant imposes on each party to the contract the duty to refrain from

14 doing anything which would render performance of the contract impossible by any

15 act of his own, and also the duty to do everything that the contract presupposes that

16 each party will do to accomplish its purpose. ***April Enters., Inc. v. KTTV***, 147

17 Cal. App. 3d 805, 816, 195 Cal. Rptr. 421, 425 (1983); ***Harm v. Frasher,***

18 181 Cal. App. 2d 405, 417, 5 Cal.Rptr. 367, 374 (1960).

19 **(75)** The servicers for the banks habitually, customarily, practically, and as a matter

20 of public policy having the force of law in California are allowed or even "enjoined"

21 (compelled by law) not to act in good faith by selling homes, transfer of whose title

22 may have been stayed by mandatory Bankruptcy or Removal or whose titles were

23 encumbered by previous litigation or by selling the Plaintiff's homes to non registered

24 business entities.

25 **(76)** Furthermore, supposing that the sales went through without any of the above

26 and foregoing claims, the Los Angeles (and all other U.S. Central District) County

27 Forcible Detainer Attorneys and Plaintiffs, by and through their buying of the

28 properties of the Plaintiffs, in accordance with California Statutes, made themselves

**COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION**
**"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."**
-LEONARD COHEN
-21-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3   accountable as de facto landlords, taking property and impairing the obligations of
4   contract in a systematic manner under color of unconstitutional law.

5   **(77)**   A party to a contract breaches the implied covenant of good faith and fair
6   dealing by interfering with or failing to cooperate with the plaintiff in the
7   performance of the contract. Witkin, Summary of California Law, Contracts, §744
8   (8th ed.); *see also* ***Sutherland v. Barclays American/Mortgage Corp.,***
9   53 Cal. App. 4th 299, 314, 61 Cal. Rptr. 2d 614 (1997); ***Harm v. Frasher***,
10  181 Cal. App. 2d 405, 415, 5 Cal. Rptr. 367, 373 (1960).

11  **(78)**   The sales make or has the potential to make the Plaintiffs (and parties similarly
12  situated) tenants of their own homes. Thus implicitly putting foreclosed parties in
13  covenant with genuinely "***Mala-Fide*** Purchasers" (Bad Faith Purchasers, with full
14  knowledge of title defects, usually for no or drastically sub-market value).

15  **(79)**   California statutes such as the aforementioned Unlawful Detainer Statutes
16  Civil Code §§1161-1162 impose fictitious contracts and leases without negotiation or
17  due process of law, but only by operation of law, and allow such transformations in
18  the socio-economic relationship of parties without either consent or due process of
19  law by parties who never had privity of contract or holder-in-due course standing to
20  enforce contracts or foreclose in any event.

21  **(80)**   WHEREFORE, Plaintiffs pray for declaratory judgment in their favor and
22  against all parties who have benefited from unconstitutional non-judicial foreclosures
23  conducted pursuant to California law which nullifies (severely impairs) the
24  obligations of and rights to enforce contracts by effecting or commanding the sales of
25  the property affected by such laws through contracts of adhesion imposed without
26  negotiation, consent, or any semblance of due process of law.

27  **(81)**   Plaintiffs further pray that the banks, servicers, and attorneys who conducted
28  such sales be declared liable (upon proper proof in subsequent proceedings, to be

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN                                   -22-          *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

hereby authorized) for all of the Plaintiffs' actual damages, and that judgment be entered rescinding, reversing, and/or voiding all such sales of and compensating the wrongful evictions from such properties to Plaintiffs and all persons similarly situated.

**(82)**   In addition, because of their actual and superior professional knowledge, Plaintiffs pray that the Court declare that all the Unlawful Detainer Plaintiffs' Attorneys in Los Angeles, Orange, Riverside, San Bernardino, Santa Barbara, San Luis Obispo, and Ventura Counties be declared liable for treble their actual damages and costs of suit as punitive and exemplary damages, to punish their outrageous conduct and serve as an example to deter others similarly situated from engaging in similar conduct.

## COUNT IV: CALIFORNIA CIVIL CODE
## SECTION 1714.10 IS UNCONSTITUTIONAL

**(83)**   Plaintiffs reallege ¶¶(1)-(82) as if fully recopied and restated herein below.

**(84)**   Plaintiffs allege that each of them, individually, jointly, and severally, have been personally and directly injured by California Unlawful Detainer Plaintiffs' Attorneys actual or perceived, ***de facto*** and/or ***de jure***, immunity provided by Civil Code §1714.10.

**(85)**   Plaintiffs allege that §1714.10 bestows upon attorneys a special class of privileges and immunities to a certain class of professional practitioners whose membership is controlled by "admission to the bar" under terms mandated and outlined by the state of California itself, such that §1714.10 has the force and effect of a law erecting or defining a title of nobility, unconstitutionally impairing the obligations of contract by exempting certain actors from contractual ethics or duties including but not limited to the implied duty of good faith and fair dealing in contractual dealings, as well as the general obligation to abstain from common law

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-23-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3   tortuous or civil law delictual conduct which leads to civil injuries arising not from
4   but from Anglo-America tort or Continental delict.
5   **(86)** The California law providing that
6       No cause of action against an attorney for a civil conspiracy with his or
        her client arising from any attempt to contest or compromise a claim or
7       dispute, and which is based upon the attorneys' representation of the
        client, shall be included in a complaint or other pleading unless the
8       court enters an order allowing the pleading that includes the claim for
9       civil conspiracy to be filed after the court determines that the party
        seeking to file the pleading has established that there is a reasonable
10      probability that the party will prevail in the action.
11  **(87)** violates 42 U.S.C. §1981 in that it creates special classes of privileged citizenry
12  and denies both equal protection of the law and due process of law to certain classes
13  of citizens (including all non-lawyers who might be defrauded by lawyers or non-
14  lawyers who have hired lawyers to assist them in the commission of their frauds,
15  and/or breaches of contract and/or the implied duty of good faith and fair-dealing in
16  contractual relations).
17  **(88)** The Court should declare and adjudge that California Civil Code §1714.10 is
18  facially unconstitutional under the First, Fifth, Ninth, and Fourteenth Amendments
19  to the Constitution as a denial of the right to Petition, denial of due process,
20  infringement upon the rights reserved to the people, and a violation of equal
21  protection of laws by creating a privileged class.
22  **(89)** The creation of this privileged class of attorneys also and further violates both
23  Article 1, §9, Cl. 8 & §10, Cl. 1, of the United States Constitution by effectively
24  creating a title of nobility, as well as violating the privileges and immunities clause of
25  Article IV, §1, Cl. 2 by creating for California lawyers a special privilege and
26  immunity not available to citizens of any other of the several states.
27
28

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-24-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(90)**   No state can grant to any of its citizens special privileges or immunities that discriminate against citizens of other states or create an inequality between citizens of one state and those of another, but Cal Civil Code §1714.10 has this precise effect.

**(91)**   Plaintiffs allege that BUT FOR the provisions of §1714.10, Los Angeles County Unlawful Detainer Plaintiffs' attorneys would not have been free (or perceived themselves as free) to engage in fraud or assist his multiple clients in committing fraud.

**(92)**   Thus the provisions of §1714.10 are the direct and proximate, and therefore legal, causes of Plaintiff's injuries.

**(93)**   This provision of California statutory law (along with Civil Code §§1946, 2924 and Code of Civil Procedure §§1161-1162) has so deprived Plaintiffs of their common law rights in violation of the fundamental guarantees of the United States Constitution that these provisions must all be struck down.

**(94)**   Plaintiffs do not here allege that the common law cannot be changed by statute. Rather Plaintiffs submit that the statutes cannot indirectly impair the obligations of contract without straightforwardly modifying the nature of contractual obligations ***ab initio***, which is to say prior to the decision to enter into or agree to certain contractual relations or not.

**(95)**   In short, statutes cannot transform contracts into licenses to STEAL, without the expressed knowledge and consent of all (potentially) contracting parties.

**(96)**   Plaintiffs submit that because both the California legislature and the United States Congress never abrogated common law contractual doctrines (such as "holder in due course" or "privity of contract") that means that the State of California cannot insulate anyone from violating the law as it still exists (through statutory provisions or the judicial construction of those statutory provisions, cf. e.g. 42 U.S.C. §§1981-1982).

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-25-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(97)**  The laws cannot essentially reverse the actual action. It is as if the State of California is in full view of a standard transaction between two parties, from one to the other, only to give the complete opposite account of the event itself afterward.

**(98)**  If the State of California or the United States should wish to abrogate the law of trusts, so that trustees no longer owe duties to grantors as potential beneficiaries under deeds in trust, or the laws defining "holders in due course" or "privity of contract," it can do so, but all borrowers must henceforth be advised, so that they may recognize, that they are paying servicers or entities who have no legal or equitable interest or stake in the original contracts or "loan" transactions.

**(99)**  WHEREFORE, Plaintiffs pray that California Civil Code §1714.10 be declared unconstitutional, null and void for all purposes and applications, and will grant them all their reasonable costs of suit as well as permitting them (and all persons similarly situated) to sue the Unlawful Detainer Plaintiffs' Attorneys (in Los Angeles, Orange, Riverside, San Bernardino, Santa Barbara, and Ventura Counties) for all their actual damages resulting from his collusion and conspiracy with other Defendants and non-Defendants, including Superior Court Judges who may be immune from suit.

## COUNT V: CALIFORNIA CIVIL CODE §1714.10 DOES NOT IMMUNIZE CALIFORNIA UNLAWFUL DETAINER PLAINTIFFS' ATTORNEYS

**(100)** Plaintiffs reallege ¶¶(1)-(99) as if fully copied and restated herein below.

**(101)** Plaintiffs allege that a large if not overwhelming majority of California Unlawful Detainer Plaintiffs' Attorneys are partners and investors in the enterprises which seize and/or purport to purchase "in good faith" the real properties seized in eviction proceedings after non-judicial foreclosures.

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-26-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(102)** Plaintiffs allege that California Unlawful Detainer Plaintiffs' Attorneys are acting not merely in the course of representation of clients, but on their own behalves and for their own benefit as partners in real estate acquisition enterprises.

**(103)** There are accordingly no arms length transactions involving the sale of the large if not overwhelming majority of properties pursuant to non-judicial foreclosures; the buyers are not bona fide purchasers for value---they could not have been bona fide purchasers in any event because they have superior access to knowledge over all other buyers that (1) the foreclosing parties are neither holders-in-due course nor have any standing as authorized representatives of the true holders in due course of mortgagors' notes, (2) and accordingly, the foreclosing parties have no privity of contract with the mortgagors to be foreclosed upon, and (3) accordingly, no valid title chain exists, and no valid title vests in the "purchaser" (really, whether "Good Faith" and for Value, or not).

**(104)** Plaintiffs further allege that any rule, even if not facially unconstitutional, is unconstitutional as applied according to a state judicial norm "which requires a judicial determination of reasonable probability of success prior to permitting the filing of an action against an attorney based on a claim of civil conspiracy with a client" because such a rule (as articulated by Defendants) constitutes a per se denial of equal access to the courts due process and of equal access to the courts and legal processes in violation of 42 U.S.C. §1981.

**(105)** Access to discovery of facts is a key element of due process of law and equal access to the Courts as discovery procedures are often critical to the determination of the accuracy or inaccuracy of any legal complaint, suit at law, or equitable action.

**(106)** Plaintiffs allege that the relationships between the Unlawful Detainer-Plaintiffs' Attorneys of Los Angeles, Orange, Riverside, San Bernardino, Santa Barbara, San Luis Obispo, & Ventura Counties with the Judges of the California Superior courts

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-27-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

in each of these counties is so close and intimate that there exists a continuing and ongoing agreement and understanding between them in derogation of due process of law and equal protection of persons and property, in violation of 42 U.S.C. §§1981, 1982 and also of the 5th and 14th Amendments.

**(107)** WHEREFORE, Plaintiffs pray that (in the alternative to the previous count) even if California Civil Code §1714.10 is not unconstitutional on its face, it is either unconstitutional as applied to Unlawful-Detainer-Plaintiffs' Attorneys in the Counties of the Central District of California or simply does not, as a matter of fact or law, apply to such attorneys engaged in this business (Unlawful Detainer Plaintiffs' Attorneys) at all, and

**(108)** Plaintiffs pray that this Court will so declare and adjudge, declaring them (and all similarly situated persons) free to sue California Unlawful Detainer Plaintiffs' Attorneys for all their actual, consequential, and special damages, as well as their costs of suit, in addition to the full and unfettered right to recover from such Unlawful Detainer Plaintiffs' Attorneys all of their damages for civil conspiracy with other Defendants and non-defendants, including collusion or conspiracy with Superior Court Judges who may be otherwise immunized from suit.

## COUNT VI: CAL. CIVIL CODE §2924
## UNCONSTITUIONALLY IMPAIRS CONTRACT

**(109)** Plaintiffs reallege ¶¶(1)-(108) as if fully copied and restated herein below.

**(110)** California Civil Code §2924 is expressly designed to impair the obligations and rights of and arising under contracts relating to mortgages and promissory notes, and to create grossly favored and unfavored classes of property owners based in large part on willingness to lie and nothing else; any statute designed to create unequal classes of litigants in Court directly violates 42 U.S.C. §1981, and California Civil Code §2924 irrationally and unfairly grants certain classes of individuals superior rights "to

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN
-28-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property" and thereby also creates unequal classes of people with regard to the rights "to inherit, purchase, lease, sell, hold, and convey real and personal property."

**(111)** California Civil Code §2924 provides in part:

> (c) A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.

**(112)** This provision irrationally denies equal rights to sue and give evidence to mortgagees whose properties were the victims of fraudulent foreclosures (foreclosures instituted or prosecuted by any party, principal, witness, or attorney willing either knowingly or negligently to present false recitations regarding compliance with statutory provisions regarding service and delivery of notices).

**(113)** Plaintiffs' allege that neither California Attorneys engaged in non-judicial foreclosures on behalf of mortgage servicers and/or any of their agents or employees EVER actually comply with all or in fact any of the procedural requirements of noticing default or notice of sale or of three day notice to quit prior to initiating eviction actions.

**(114)** For a law to provide that mere recitation in a deed of certain facts will constitute ***conclusive evidence*** which acts to bar or determine the outcome of any judicial proceeding does itself constitute a statutory denial of due process of law and a discriminatory disadvantage to those who are the victims of fraudulent foreclosures (foreclosure by parties, principals, witnesses and attorneys who make false statements of fact, such as claims to lawful right to fore, such as, Plaintiffs' evidence will show,

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-29-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

are nearly all the foreclosures in California today, because in fact most foreclosures are conducted by parties without contractual entitlement to do so).

**(115)** Plaintiffs assert that California Unlawful Detainer Plaintiffs' attorneys routinely and wrongfully use §2924 et seq. (coupled with their immunity under §1714.10) to defraud them of their property by using a "dummy" trust that is not even recognized as a business entity of any kind by the State of California.

**(116)** Plaintiffs allege and will prove that California Unlawful Detainer Plaintiffs' Attorneys routinely act and have acted in cases in which they (the Plaintiffs and parties similarly situated) were involved in collusion with fraudulent or even non-existent or otherwise improper business entities for the purpose of utilizing a broken, corrupt statutory and judicial system in his unlawful detainer action against Plaintiffs and parties similarly situated.

**(117)** Plaintiffs submit that the non-judicial foreclosure laws of the state of California, especially but not limited to Civil Code §2924(c) quoted above, expressly and unequivocally constitute (1) an impairment of the right to make and enforce contracts and to give evidence for the security of persons and property, (2) deny due process of law in the making and enforcing of contracts and to give evidence regarding the same for the security of persons and property, (3) deny equal protection of the law in the making and enforcing of contracts and to give evidence regarding the same for protection of persons and of property.

**(118)** WHEREFORE, Plaintiffs pray and request that this Court declare and adjudge that California Civil Code §2924(c) specifically, and §§2924 **et seq.** generally, are unconstitutional on their face, and as such that all foreclosure sales against any of the Plaintiffs or persons similarly situated in the State of California are null and void and that Plaintiffs and persons similarly situated are entitled to a rescission of sale and restoration of their property.

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-30-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(119)** WHEREFORE, additionally, Plaintiffs pray and request that this court declare and adjudge that all elements of contractual provisions, and of compliance with contractual and statutory requirements for the proof of compliance, are equally subject to challenge and the presentation of evidence by any party to a contract or person legitimately interested in the subject matter of the contract.

**(120)** No non-judicial foreclosure should be upheld judicially if the truth of the underlying facts, including the status of a buyer as a bona fide purchaser for value, is disputed or contested by competent witnesses presenting competent evidence, and accordingly no presumptions which create either the certainty or even the strong likelihoods that one side or another of any contractual dispute should prevail should ever withstand challenge under 42 U.S.C. §§1981, 1982, or the Fifth or Fourteenth Amendments to the Constitution of the United State, when (read as color blind) statutes and constitutional provisions affording equal protection of the laws to all citizens and legal residents of the United States of America.

### COUNT VII: CAL. CIVIL CODE §2924
### UNCONSTITUTIONAL AS APPLIED

**(121)** Plaintiffs reallege ¶¶(1)-(127) as if fully copied and restated herein below.

**(122)** California Unlawful Detainer-Plaintiffs' Attorneys in their Express Foreclosure business, all depend upon the California Courts' unconstitutional glosses and applications of and upon California Civil Code §2924 *et seq.* in addition to the statute's facial infringement upon the equal rights of all persons to make and enforce contracts, to sue and present evidence.

**(123)** California Unlawful Detainer-Plaintiffs' Attorneys expressly rely upon the California case of ***Homestead Savings v. Darmiento***, 230 Cal.App.3d 424, 436, 437 (1991) which held that:

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-31-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

> Where the evidence establishes that the trustee conveys title to a bona fide purchaser and the trustee's deed contains the language specified in §2924, the sale is not voidable.

And

> The purchaser's title is free and clear of all rights of the trustor or anyone claiming under or through the trustor, including liens that have attached to the property after the execution of the foreclosed deed of trust.

**(124)** These above-and-forgoing judicially formulated normative applications of §2924 violate, respectively, the same equal right to make and enforce contracts and to sue and give evidence for the security of persons and property secured by 42 U.S.C. §1981 and the equal rights of all persons to purchase, lease, sell, hold, and convey real and personal property guaranteed by 42 U.S.C. §1982.

**(125)** Furthermore the meer fact that California Unlawful Detainer-Plaintiffs' Attorneys would cite such an outrageous case on his behalf simply adds to the Plaintiffs arguments against him. "Everybody knows that the system's rotten", as Leonard Cohen once said, but must it be rubbed in the Plaintiffs faces so blatantly?

**(126)** California Unlawful Detainer Plaintiffs' Attorneys also expressly rely on ***Napue v. Gor-Mey West, Inc.***, 175 Cal. App.2d 608, 620-621, 220 Cal.Rptr. 799 (Cal.App. 2nd Dist., Div. 3, 1985) as a judicially articulated norm having the force and effect of law:

> Section 2924 of the Civil Code creates a conclusive presumption in favor of a bona fide purchaser at a trustee's sale that if the trustee's deed recites that all requirements of law have been complied with regarding the mailing, posting, publication, or personal delivery of the notice of default and the notice of sale, the recital is conclusive. In other words, failure to comply with the notice requirements is a ground to cancel the sale only as against a party who is not a bona fide purchaser. A sale to a bona fide purchaser is not voidable.

**(127)** Conclusive presumptions which automatically, by operation of classificatory and dispositive law, render certain transactions UNILATERALLY non-voidable

1
2
3   deny equal access to the courts to sue and give evidence and further deny the equal
4   right to purchase, sell, or convey property in plain and express violation of 42 U.S.C.
5   §§1981, 1982.

6   **(128)** The entire California non-judicial foreclosure system implemented with
7   conclusive presumptions which cannot be rebutted either in forcible detainer or any
8   other judicial proceedings inevitably tends to the absolute destruction of private
9   property and the equal rights of all people to own and convey property, to make
10  contracts, and to invoke the protection of the courts in so doing.

11  **(129)** In short, California Civil Code §2924, both on its face and as applied, is a
12  constitutional nightmare and a statute transitional to corporate-governmental
13  communism where citizens only hold property at the sufferance of corporate-
14  governmental financial services and property-holding conglomerates such as the
15  banking and mortgage servicing defendants in this case, backed up by attorney-pirate
16  operating under color of law such as the great if not overwhelming majority of
17  California Unlawful-Detainer-Plaintiffs' Attorneys.

18  **(130)** WHEREFORE, Plaintiffs all pray that this Court will strike down California
19  Civil Code §2924 as constituting an unconstitutional abridgement and impairment of
20  the right to contract, own, and convey property, all in violation of 42 U.S.C. §§1981,
21  1982, as well as the U.S. Const. Fifth and Fourteenth Amendments.

22
23        **COUNT VIII: CALIFORNIA CODE OF CIVIL PROCEDURE**
          **§425.16(c) ("ANTI-SLAPP SUIT" OR MOTION) IS**
24                      **UNCONSTITUTIONAL**

25  **(131)** Plaintiffs reallege ¶¶(1)-(130) as if fully copied and restated herein.
26  **(132)** California's anti-SLAPP law provides a civil action whose effect is to enhance
27  the freedom of speech and right to petition of certain defendants by limiting the right
28  of certain Plaintiffs to free speech and to petition.

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*   -33-   *Charles E. Lincoln, Plaintiff, pro se*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*        *c/o Peyton Yates Freiman*
-LEONARD COHEN                                     *603 Elmwood Pl., #6, Austin, TX 78705*

**(133)** From the standpoint of the First Amendment to the United States Constitution it is an impermissible attempt to limit the right of the people to Petition for Redress of Grievances secured by that Amendment, and a further infringement upon the due process and equal protection guarantees of the Fifth and Fourteenth Amendments, as well as an unwarranted intrusion into and infringement upon the rights reserved to the people under the Ninth Amendment.

**(134)** In 1992, the Legislature enacted section 425.16 to provide a procedure for a court "to dismiss at an early stage nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." ***Sipple v. Foundation for Nat. Progress*** (1999) 71 Cal. App. 4th 226, 235.

**(135)** Taken in conjugation with §2924 ***et seq***. California Unlawful-Detainer Plaintiffs' Attorneys have used the anti-slapp motion and statute to chill the ability of Plaintiffs and persons similarly situated to petition any Court for relief, by requesting the dismissal of this action on essentially frivolous but intimidating Anti-SLAPP grounds.

**(136)** Plaintiffs have standing here to address the anti-SLAPP laws of California because those laws have been against some of them in California Superior Court to undermine their ability to raise meritorious claims against California Unlawful Detainer Plaintiffs' Attorneys and the frequently fraudulent, "***Mala-Fide***" fly-by-night entities which they represent.

**(137)** Plaintiffs Harrison, Hoyman, Hoyman, & Lincoln assert on behalf of themselves and all persons similarly situated who might wish to challenge the abuses of the California non-judicial foreclosure and unlawful detainer/forcible eviction systems that the anti-SLAPP law undermines valid constitutional law in favor of

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-34-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

ignoring the "little guy", while sticking up for major corporations simply because what it might mean if people like the Plaintiffs won.

**(138)** The constitutional issue of due process violations and the big banks that undermine them under the anti-SLAPP law exist only to be ignored using the anti-SLAPP law.

**(139)** Plaintiffs assert that this statute directly inhibited his constitutional rights to petition and free speech by favoring people in the establishment the California Unlawful Detainer Plaintiffs' Attorneys (who are part of the bar association), all of the servicers (who are little more than strong arms for big banks) and the Californian government.

**(140)** California Code of Civil Procedure §§425.16 et seq. is perhaps the most irrational and counterproductive law in the United States of America today.

**(141)** Plaintiffs allege that the California anti-SLAPP law embodied in §425.16 et seq. constitutes an unconstitutional infringement upon the First, Fifth, Ninth and Fourteenth Amendments to the Constitution, as well as a plain violation of the right to sue and give evidence secured by 42 U.S.C. §1981.

**(142)** WHEREFORE, Plaintiffs pray that the Court will declare §425.16 et seq. to be unconstitutional, null and void, either on its face or when applied as a motion to dismiss judicial challenges to assertions of constitutional rights in relation to property and or the contract of purchase or "secured" (or securitized) credit used to obtain such property.

### COUNT IX: §§1161 & 1162 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE ARE UNCONSTITUTIONAL

**(143)** Plaintiffs reallege and incorporate §§1-142 as if fully copied and restated here.

**(144)** As noted above, the combination of California statutes establishing and relating to Unlawful Detainer, either abrogate or impair the rights and obligations of contract or establish a new species of tenancy.  Tenancy-at-sufferance, in Anglo-

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-35-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

American law, under the United States and California Constitutions, cannot be a social or economic "status", so it is most plausibly analyzed as a contractual relationship, albeit one created only by law without any negotiations on the part of the parties, unless it be analyzed as punishment for a crime or tort, in which case the provisions of §§1161-1162 of the California Code of Procedure are even more woefully inadequate.

**(145)** The constitutional analysis of state imposed contracts of adhesion requires a determination whether such contracts infringe upon rights (e.g. the rights not to be deprived of property without due process of law, or the rights to make and enforce contracts under 42 U.S.C. §§1981-1982).

**(146)** Any contractual relationship or "status" (such as tenancy at sufferance, must determine the effect of such contracts or statuses on those secured by the constitution namely those to whom important contractual terms are not disclosed, i.e., to the party bound by the "sticky" side of the adhesive tape.

**(147)** One party to a contract of adhesion dictates all the terms to the other, but the legal phrase "contract of adhesion" normally refers to a contract which is willingly and knowingly if not intelligently negotiated or specifically voluntary contract, with regard to terms.   Albeit non-negotiated, e.g. between a common carrier and passengers or between an insurer and an insured, a contract of adhesion differs from the post-non-judicial foreclosure tenancy "at sufferance" in that the latter is an entirely non-consensual contractual relationship, which nonetheless provides certain benefits and imposes certain duties on both parties.

**(148)** Among these duties are the duties of good faith and fair dealing.  The reality of a tenant at sufferance is more like the status of a debtor in old-fashioned debtor's prison, or of a criminal in ordinary prison who "owes his debt to society" but if this

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-36-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

entirely realistic analogy is used, the due process protections which MUST be afforded to the "tenant at sufferance" are even greater than those suggested here.

## COUNT X: DECLARATORY JUDGMENT:
## RES JUDICATA DOES NOT APPLY

**(149)** Plaintiffs reallege ¶¶(1)-(148) as if fully copied and restated herein below.

**(150)** No *res judicata* effect should EVER attach to Unlawful Detainer (Forcible Eviction) California Superior Court proceedings because in the Superior Courts of Limited jurisdiction, counterclaims are difficult if not impossible to maintain and in any event, the judges do not permit any issues ever to be fully or fairly litigated by Defendants against Plaintiffs in California State Court.

**(151)** Even as to the question of possession, California Superior Courts of Limited jurisdiction DO NOT ADJUDICATE TITLE because they are STATUTORILY CONSTRAINED FROM LITIGATING TITLE under precisely those provisions of law (California Civil Code §§2924 *et seq*) which Plaintiffs seek to have declared unconstitutional.

**(152)** In many other states of the Union, such as Florida, Louisiana, Massachusetts, Michigan, New Jersey, and Texas, for example, appellate jurisprudence specifically holds that evictions have NO *res judicata* effect as to any issue other than right to immediate, short term, possession.

**(153)** And when issues have not been litigated at all due to a failure of actual notice by personal service, no valid judgment can be allowed or inferred, even in eviction cases.

**(154)** Plaintiffs seek a declaratory judgment that certain sections of the California Code of Civil Procedure and Civil Code are unconstitutional (either facially or as

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-37-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

applied or both) insofar as they authorize violations or are interpreted and applied as a matter of custom, practice, and policy having the force of law in the State of California to violate the "actual notice" service requirements and standards of Federally guaranteed rights to due process of law established by the United States Supreme Court, in a long line of cases running from *Greene v. Lindsey*, 456 U.S. 444; 102 S. Ct. 1874; 72 L. Ed. 2d 249 (1982) through *Nelson v. Adams,* 539 U.S. 460, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000) and *Jones v. Flowers,* 547 U.S. 220; 126 S. Ct. 1708; 164 L. Ed. 2d 415 (2006) to last year's *Taylor v. Sturgell*, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).

**(155)** Plaintiffs will ask this court to declare specifically that §§1161-1162 of the California Code of Civil Procedure and California Civil Code §1946 are unconstitutional insofar as they facially allow or have been construed by the Courts of the State of California to allow judgment for eviction without actual notice to Defendants.

**(156)** Plaintiffs submit that because of the nature of summary eviction proceedings, this is a type of frequent and recurring injury to constitutional rights that escapes review because of the rapidity with which such injuries can be inflicted in the Superior Courts of Limited Jurisdiction in the State of California.

**(157)** Plaintiffs have a personal stake in the outcome of this litigation in that they intend to lease future properties in the state of California and so, even if the present controversy should become moot, the question is readily and indeed probably capable of repetition in the same rapid, swift, and essentially unreviewable manner whereby a suit was or could again be filed, fraudulently "served" without giving actual notice, and then swiftly becoming final before the affected parties have any knowledge or even a remote opportunity to defend themselves.

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-38-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3   **(158)**  Plaintiffs will seek all their costs of suit and the entry of an injunction relating
4   to the enactment or application of similar laws.
5
6                    <u>**CONCLUSIONS AND PRAYER FOR RELIEF**</u>
7          An unconstitutional statutory scheme enacted by the state of California allows
8   California Unlawful Detainer Plaintiffs' Attorneys an unconstitutional degree of
9   immunity for following the forms of non-judicial foreclosure specified in California
10  Civil Code §2924 et seq.  California Unlawful Detainer Plaintiffs' Attorneys find
11  further protection for their fraudulent or unlawful conduct in Civil Code §1714.10
12  and they can then file (in State Court) anti-SLAPP motions under §425.16 to chill
13  any mortgagor's attempts to access the Courts in his own defense.  California Judges
14  are allowed to allege and contend that they have acted competently, ethically, and
15  legally in allowing foreclosures and subsequent evictions by parties who neither have
16  standing as holders-in-due-course nor status as persons in privity of contract with
17  those whom they sue for that special variety of "breach" known as forcible eviction
18  from the fictitious "landlord-tenant" relationship created by Civil Code §§1161-1162.
19         The entire California "credit enforcement" system of non-judicial foreclosure
20  followed by judicial eviction depends entirely upon the privileges and immunities
21  granted to foreclosing parties and their attorneys by California Civil Code §§1714.10
22  and 2924, augmented by Code of Civil Procedure 425.16 and other miscellaneous
23  privileges and immunities from suit, which unconstitutionally tend to create
24  foreclosing parties as a special elite inside California Economic Society.
25         Plaintiffs reiterate their prayers stated in each count above and pray for
26  judgment accordingly after a trial-by-jury, demand for which is made and tendered
27  in order that a common law jury may hear and establish all facts underlying any
28  declaratory judgment or injunction entered under constitutional law or equity.

*COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION*   -39-   *Charles E. Lincoln, Plaintiff, pro se*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*          *c/o Peyton Yates Freiman*
-LEONARD COHEN                                      *603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3      Plaintiffs Thomas Harrison, Jennifer Lee Hoyman, Joan Hoyman, and
4   Charles Edward Lincoln, III, pray that the Court will reform the non-judicial
5   foreclosure process in the State of California by striking down as unconstitutional the
6   above-listed California statutes, and that the Court will simultaneously reinforce the
7   integrity of Federal Civil Rights Statutes by eliminating all racially discriminatory
8   language and all race-based judicially crafted schemes of "affirmative action" from
9   Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d), on the one hand, and 42
10   U.S.C. §§1981 & 1982, on the other.  Full effect, in particular, should be given to the
11   unique Congressional language authorizing special status among all removals from
12   state to Federal Court indicated by the language that any remand of a case removed
13   on grounds of civil rights shall be reviewable, by appeal or otherwise.  Plaintiffs
14   submit that the "or otherwise" language should be clearly construed as an
15   affirmation that multiple removals pursuant to 28 U.S.C. §§1443 & 1447(d) are
16   always to be permitted and entertained.
17      In regard to the latter two statutes, 42 U.S.C. §§1981-1982, once cleansed of
18   ethnic bias, will stand as the epitome and foundational laws of the American ideals of
19   equality and due process in the making and enforcement of contracts and the use of
20   the American judicial system to protect these rights.

21                          Signed & Respectfully submitted,
22
23   Wednesday, September 8th, 2010
24
25
26                          CHARLES E. LINCOLN III, *pro se*
                            c/o Peyton Yates Freiman
27                          603 Elmwood Place, Suite #6
                            Austin, Texas 78705
28                          Telephone: 512-968-2500
                            E-Mail:charles.lincoln@rocketmail.com

COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION
"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."
-LEONARD COHEN                    -40-                Charles E. Lincoln, Plaintiff, pro se
c/o Peyton Yates Freiman
603 Elmwood Pl., #6, Austin, TX 78705

1
2
3                                    Respectfully signed & submitted,
4    Wednesday, September 8th, 2010
5
6                                    By:_____
7                                    THOMAS HARRISON, *pro se*
8                                       **1351 Pleasant Ridge Drive
                                         Altadena, California 91001**
9                                       Telephone (TH):  (310) 237-5947
                                        E-Mail (TH): thiimage@mac.com
10
11
12                                   Respectfully signed & submitted,
13   Wednesday, September 8th, 2010
14
15                                   By:_____
16                                   JENNIFER LEE HOYMAN, *pro se*
17                                      **1351 Pleasant Ridge Drive
                                         Altadena, California 91001**
18                                      Telephone (JLH): (310) 849-0270
                                        E-Mail (JLH):
19                                      dancingwillows@gmail.com
20
21                                   Respectfully signed & submitted,
22   Wednesday, September 8th, 2010
23
24                                   By:_____
25                                   JOAN HOYMAN, *pro se*
                                        Bissell House Bed & Breakfast
26                                      201 Orange Grove Avenue
27                                      South Pasadena, CA 91030
                                        (626) 441-3535
28

COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION          Charles E. Lincoln, Plaintiff, pro se
"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."        -41-       c/o Peyton Yates Freiman
            -LEONARD COHEN                              603 Elmwood Pl., #6, Austin, TX 78705

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV10- 6688 GHK (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY