O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6688 AHM (MANx) | Date | October 14, 2010 |
|---|---|---|---|
| Title | HARRISON, et al. v. STATE OF CALIFORNIA et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:         Attorneys **NOT** Present for Defendants:

**Proceedings:**         IN CHAMBERS (No Proceedings Held)

On September 8, 2010, Plaintiffs filed this action[1] against the State of California, California Attorney General Edmund G. Brown, California Governor Arnold Schwarzenegger, and United States Attorney General Eric Holder, generally challenging California's laws "concerning the purchase of real estate as security for credit, mortgage lending, foreclosure, and eviction." Compl. at 2. Plaintiffs allege subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1981, 1982, 1983, and 1988(a). Compl. ¶ 1.

Plaintiffs seek relief under several statutes whose explicit mission is to protect individuals against racial discrimination. Section 1343 of the Civil Rights Act grants courts jurisdiction, regardless of the amount in controversy, over civil rights claims. Wright & Miller, *Federal Practice & Procedure* § 3573 (2010). Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. *See Runyon v. McCrary*, 427 U.S. 160, 168 (1976). Section 1982 prohibits racial discrimination in the inheritance, purchase, leasing, selling, holding, and conveyance of real and personal property. 42 U.S.C. § 1982. Section 1988(a) provides jurisdiction should be exercised in matters "for the protection of all persons in the United States in their civil rights, and for their vindication." 42 U.S.C. § 1988(a).

Plaintiffs, however, specifically state their assertion of jurisdiction is in spite of any racial discrimination. They instead are seeking to "challenge the racial bias inherent in Federal Civil Rights Statutes." Compl. at 6. Because their assertion is not stated in

---

[1]Docket No. 1.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6688 AHM (MANx) | Date | October 14, 2010 |
|---|---|---|---|
| Title | HARRISON, et al. v. STATE OF CALIFORNIA et al. | | |

terms of racial equality, Plaintiffs fail to satisfy the basic purpose and requirements of these statutes.

Plaintiffs attempt to invoke this Court's jurisdiction through Section 1983. However, not only do Plaintiffs provide only two passing mentions of the statute in their Complaint, Compl. at 16 & ¶ 1, but in order to proceed with a 1983, they must assert a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *See* 42 U.S.C. § 1983.  Plaintiffs have not done so; they have not alleged any claimed deprivation of a federal right, besides those unsuccessfully claimed under the above-discussed Civil Rights statutes, and have thus not fulfilled the requirements for a § 1983 claim.

Accordingly, the Court orders Plaintiffs to show cause in writing, by not later than October 21, 2010, why the Court should not dismiss this case for lack of subject matter jurisdiction.

It is so ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |